# EXHIBIT A

**KOLLER LAW, LLC**
David M. Koller, Esq. (037082002)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(215) 545-8917 (phone)
(215) 575-0826 (fax)

**MENSING LAW LLC**
Stephanie J. Mensing, Esq. (010752002)
1635 Market Street, Suite 1600
Philadelphia, PA 19103
T: (215) 586-3751
F: (215) 359-2741

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MICHAEL J. CAPOZZOLI AND,** | : | |
| **LEE NAPIER,** | : | |
| **Plaintiffs,** | : | **Civil Action** |
| **v.** | : | **NO.: 1:20-cv-04992-RMD-AMD** |
| | : | |
| **CUMULUS MEDIA HOLDINGS INC.,** | : | **Motion Date: November 8, 2021** |
| **WESTWOOD ONE, LLC, TM STUDIOS, INC.,** | : | |
| **WILLIAM G. CLANCY, and** | : | **Hon. Renee Marie Bumb, presiding** |
| **KIRK STIRLAND,** | : | **Hon. Ann Marie Donio, referral** |
| **Defendants.** | : | |

### PLAINTIFFS' SUR-REPLY BRIEF IN FURTHER OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

Plaintiffs Michael J. Capozzoli and Lee Napier file this sur-reply to specifically address two arguments made by Defendants in their reply: (1) that the statements made by decisionmakers in this case were only "stray remarks"; and (2) that Mr. Capozzoli's affidavit should be considered by this Court as a "sham affidavit." As is detailed below, this Court should

1

consider the statements made by decisionmakers in this case as more than mere "stray remarks" as they reflect the intent of decisionmakers, despite being made several months in advance of the adverse employment actions in this case, and not deem Mr. Capozzoli's affidavit a "sham affidavit" as it does not conflict with his sworn testimony solely for the purpose of creating a genuine dispute of material fact.

## II.   ARGUMENT

### A.  Statements made by Mr. Stirland and Mr. Clancy Should Not Be Considered Stray Remarks and Should Be Considered Relevant and Material Facts in Dispute In Regards to Plaintiffs' Claims.

Defendants argue that the statements identified by Plaintiffs are stray remarks unrelated to the decision-making process. Defendants also argue that Plaintiffs mischaracterize the statements, which, by its very nature, indicates a dispute as to the intent behind the statements making summary judgment inappropriate. Defendant's rely on the fact that the statements were made in advance of the reduction in force, discussing a new product, and unconnected to the decision-making process.

Courts in this Circuit have considered statements of individuals involved in the decision-making process that reflected a discriminatory or retaliatory animus as relevant and considered as circumstantial evidence that an impermissible motive was the basis of a decision, even if made several months in advance of the decision. See Fakete v. Aetna, Inc., 308 F.3d 335, 339 (3d Cir. 2002) (citing favorably Ostrowski v. A. Mut. Ins. Cos., 968 F.2d 171, 182 (2d Cir. 2001) and Rose v. N.Y. City Bd. of Educ., 257 F.3d 156, 158 (2d Cir. 2001) which considered statements months in advance of an adverse action in regards to the motivation behind the action).

The mere fact that the statements were made in advance of the decision-making process is not, on its own, sufficient to determine the statements can never be considered in connection

with the intent of decision-makers. The statements, made in connection with TM Studios' new

product, directly referred to the reputation of those employees of TM Studios, specifically

Plaintiffs, and reflected an intent of the decision-makers in this case to favor younger, more

"hip" employees over older employees in providing the services in connection with its younger,

more hip, product. A reasonable fact-finder could infer that those statements referred directly to

Plaintiffs in this case.[1]

### B.  Mr. Capozzoli's Affidavit Is Not A Sham Affidavit As It Does Not Conflict with His Sworn Deposition Testimony.

Defendants argue that Mr. Capozzoli's affidavit, enclosed with Plaintiffs' Response in

Opposition to Summary Judgment, should be considered a "sham affidavit" pursuant to the

"sham affidavit doctrine." However, Mr. Capozzoli's affidavit does not conflict with his sworn

testimony; it only serves to clarify certain differences between his testimony and the testimony of

others in this case or provides additional information into which Defendants did not inquire at his

deposition.

Under the sham affidavit doctrine, "a party may not create a material issue of fact to

defeat summary judgment by filing an affidavit disputing his or her own sworn testimony

without demonstrating a plausible explanation for the conflict." Jimenez v. All Am. Rathskeller,

Inc., 503 F.3d 247, 251 (3d Cir. 2007). Defendants point to two subjects within Mr. Capozzoli's

affidavit to claim that it is a sham: (1) that he claims to have managerial experience prior to his

role at TM Studios and his subsequent termination; and (2) his description of the sales process at

TM Studios.

---

[1] To the extent that any of Defendants' comments refer to the characterization of a meeting occurring in July 2017 in Plaintiffs' Response to Defendants' Motion for Summary Judgment, that was simply a typographical error. There was one meeting which occurred in-person between the decisionmakers and Plaintiffs and that meeting occurred in July 2016.

Defendants did ask about Mr. Capozzoli's previous work experience but did not specifically ask about his supervisory or managerial experience. The fact that Mr. Capozzoli now provides this information does not contradict his prior sworn testimony and Defendants do not cite to any testimony which specifically states that Mr. Capozzoli did not have said experience. Defendants ask this court to assume based on the absence of information in the deposition that such information directly contradicts his own sworn testimony. However, since the sham affidavit doctrine applies to affidavits which dispute the deponent's own testimony, this is insufficient for this Court to invoke the sham affidavit doctrine.

As to Mr. Capozzoli's statements in his affidavit pertaining to his description of the sales process at TM Studios, the information in the affidavit does not dispute information given during his deposition. Mr. Capozzoli explained in his deposition one way the sales process occurred and, in his affidavit, after reviewing the deposition testimony of Mr. Stevens, clarified his earlier statement. He stated that the Sales/Creative process worked both ways. It did not matter which one initiated the sale, the other was always involved. The manner in which Mr. Stevens described the sales process was essentially the reverse of the manner in which Mr. Capozzoli described during his deposition. The clarification provided int eh affidavit explains that it did not matter who initiated the sales process; the other was always involved before closing the sale. As this does not dispute his earlier sworn testimony, this Court should not discount the affidavit as a sham affidavit and should consider it in deciding Defendant's Motion for Summary Judgment.

## III.   CONCLUSION

Plaintiffs have demonstrated that genuine disputes as to material fact exist in this case. Defendants' own differing interpretations of the facts in its Reply demonstrate that there remain disputes of material fact and render this case inappropriate for Summary Judgment. Plaintiffs

have met their burden at this stage to present a *prima facie* case and have presented sufficient evidence, with all inferences drawn in favor of Plaintiffs, to show that Defendants' stated reasons were pretextual in nature. Accordingly, Plaintiffs respectfully request this Court deny Defendants' Motion for Summary Judgment.

**KOLLER LAW, LLC**

Dated: November 9, 2021

*/s/ David M. Koller*
David M. Koller, Esq. (037082002)
Koller Law, LLC
2043 Locust Street #1B
Philadelphia, PA 19103
T: (215) 545-9817
F: (215) 575-0826
davidk@kollerlawfirm.com
*Attorney for Plaintiff Lee Napier*

*/s/ Stephanie J. Mensing*
Stephanie J. Mensing, Esq. (010752002)
Mensing Law, LLC
1635 Market Street, Suite 1600
Philadelphia, PA 19103
T: (215) 586-3751
F: (215) 359-2741
stephanie@mensinglaw.com
*Attorney for Plaintiff Michael J. Capozzoli*